# LIMANDRI & JONNA LLP

CHARLES S. LiMANDRI*†
PAUL M. JONNA†

JEFFREY M. TRISSELL†
ROBERT E. WEISENBURGER
JOSHUA A. YOUNGKIN
BRIAN M. McPHERSON
WILLIAM T. DUKE

RICHARD SALPIETRA
MICHAEL J. ALTI
Of Counsel

*BOARD CERTIFIED CIVIL TRIAL ADVOCATE
ADMITTED TO THE DISTRICT OF COLUMBIA BAR
ADMITTED TO THE NEW YORK BAR
†ADMITTED TO THE U.S. SUPREME COURT

**MAILING ADDRESS**:

POST OFFICE BOX 9120
RANCHO SANTA FE, CALIFORNIA 92067
TELEPHONE: (858) 759-9930
FACSIMILE: (858) 759-9938

WEBSITE: www.limandri.com

PHYSICAL ADDRESS:

16236 SAN DIEGUITO ROAD
BUILDING 3, SUITE 3-15
RANCHO SANTA FE, CA 92091

KATHY DENWORTH
Office Administrator


April 27, 2026

***Via e-Filing Only***

Molly Dwyer, Clerk of the Court
United States Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

**Re: Fed. R. App. P. 28(j) Letter; *Reintegrative Therapy Association, Inc. v. David J. Kinitz, et al.*, No. 22-56009**

Dear Clerk of the Court:

Plaintiffs-Appellees respectfully bring to the Court's attention the following recently issued decision of the Supreme Court: *Berk v. Choy*, 607 U.S. ---, 146 S. Ct. 546 (2026).

In *Berk*, the Supreme Court ruled that a state pleading requirement unique to medical malpractice cases did not apply in federal court because the federal pleading rules apply and override any state pleading requirements under the Erie Doctrine. *See Berk*, 146 S. Ct. at

---

546, 553-57. On pages 31-34 of their Answering Brief, Defendants-Appellants argue that ruling on an anti-SLAPP motion, which is converted to a 12(b)(6) motion in federal court, is procedurally improper after a court has granted a 12(b)(2) motion finding a lack of personal jurisdiction. Requiring a court to rule on an anti-SLAPP motion under these circumstances would modify the usual federal procedure and would incorporate the procedure of anti-SLAPP, not just the substance of anti-SLAPP, into federal law. Thus, applying anti-SLAPP in this way would run afoul of the *Erie* Doctrine.

Sincerely,

LiMANDRI & JONNA LLP

Robert E. Weisenburger

---

**Certificate of Compliance With Type-Volume Limit**

This document complies with the word limit of Fed. R. App. P. 28(j) because the body of this letter contains 168 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century Schoolbook in 14-point typeface.

Robert E. Weisenburger

**Certificate of Service**

I HEREBY CERTIFY that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court of the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system. I certify that all participants in the case are registered ACMS users and that the service will be accomplished by the appellate ACMS system.

Robert E. Weisenburger